In the Matter of the Claim of AGNES PITTNER, Respondent, *v.* BLAW-KNOX COMPANY, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 13, 1966.

360

■■■■■■■■

*Benedict T. Mangano* for appellant.

*Martin R. Bradley, Jr.,* for claimant-respondent.

*John M. Cullen* for Special Funds Conservation Committee.

*Louis J. Lefkowitz, Attorney-General* (*Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. The death benefit case, having been dismissed, is not part of the present appeal.

The decedent was employed by the appellant as a coppersmith commencing about August 16, 1927. In 1941 he was transferred to the job of machine burner, cutter and grinder and his work generally consisted of grinding seams and plugs on metal shelves using an abrasive grinding wheel. On March 28, 1957 he stopped work, having developed a cough, which condition was subsequently diagnosed as pulmonary tuberculosis, active and far advanced. A fair summary of the work job of this decedent would be that while employed by the appellant, he was a grinder and burner using an acetylene torch in the burning process and a carborundum wheel in grinding.

There is no issue as to the finding that the decedent had a " disease in the nature of silicosis " but the question is whether decedent during his 30 years of employment with the employer suffered exposure to silica so that the board's finding of occupational disease might be sustained against this appellant.

Several fellow workers testified as to the type, manner and method of work performed by the decedent and that silica was not present in any form. A report of the Division of Industrial

Hygiene, based on an investigation made in 1959 — two years after cessation of work by the decedent — "did not reveal significant quantities of silica, ozone, dust or iron oxide fumes in the work locations of the claimant [decedent]". Dr. Rosso, who conducted the test, when testifying stated that the report was limited to the particular day of the test and could not be a fair basis of working conditions which existed 30 years or even 3 years ago. On cross-examination he made the following observation: "We * * * know that fifteen to twenty years ago most foundries used silica flour as a parting compound and they used air under pressure to blow out crevices in molds, and *dust operations were not isolated as they are now.* So we know that *the conditions of the worker at that time exposed him to industrially high concentrations* of silica * * * So that if we have a man who worked thirty years *associated with* a foundry or *in the vicinity of one,* it necessarily follows that he must have had an exposure to silica." [Emphasis added.]

The record establishes the following facts: during the substantial period of employment decedent was not exposed to silica; there was no evidence that decedent worked in a foundry; among other pulmonary conditions, decedent suffered from silicosis; prior to working for appellant, decedent had worked in a plant where he was exposed to sand dust.

The hospital report, dated May 29, 1957, with reference to the decedent, states: "This patient gives us the history, in addition, that he did not work in exposure to sand dust in his recent job, but that he did cut steel with an acetylene torch and that he did grinding presumably with a carborundum wheel. The possibility of iron deposition in the lung and resulting siderosis will also have to be kept in mind."

The only basis to support the finding of the board of exposure while working for the appellant is premised on the testimony of Dr. Rosso and this is exemplified, when the claimant's attorney moved to exclude the report, by the following colloquy which took place at the hearing:

"The Referee: Answering Mr. Bradley on that first motion, if we disallow this report, what evidence does the claimant have to produce that there is any evidence of any exposure.

Mr. Bradley: Your Honor, it is impossible to recapture the past, of course, and to prove today what existed ten years ago by concrete evidence.

"The Referee: That is my point. How are you going to get any other report or any other evidence here. I will be glad to listen if you can give me evidence to the contrary to what our

industrial hygienist has reported. As far as the mechanics of the investigation are concerned, that is the usual practice and I am inclined to disallow your motion on that ground. \* \* \* But I also feel that the report should stand because it's the best evidence that we have, in the absence of anything to that — to the contrary that the claimant can produce.''

The board's finding that the decedent '' contracted an occupational disease in the nature of silicosis during the course of his many years of employment in this industry '' is not a finding of liability as to the appellant — there was exposure in his prior employment — and if intended to be such, is not supported by substantial evidence. The testimony of Dr. Rosso is mere conjecture and speculation and not a reasonable assumption based on the testimony in the present record and leaves no basis for assuming as to the appellant that decedent was exposed to silica while in its employ. His testimony concerning conditions which existed in foundries some 30 years prior was not controlling as to the factual situation in the present record.

It is further argued that the presumption (Workmen's Compensation Law, § 47) as to the cause of disease is sufficient to sustain the award. That section, as pertinent, states: '' If the employee, at or immediately before the date of disablement, was employed in any process mentioned in the second column of the schedule of diseases in subdivision two of section three, and his disease is the disease in the first column of such schedule set opposite the description of the process, the disease presumptively shall be deemed to have been due to the nature of that employment.'' Group 28 of subdivision 2 of section 3 referred to therein makes silicosis or other dust diseases, contracted as a result of employment, occupational in nature, but there is no proof in this record of decedent's exposure to silica while in the employ of this appellant.

There is some evidence in the record that the decedent was exposed to various harmful metallic and abrasive dust but that is not what the board found and the section does not permit of a finding of a general respiratory disease nor was it the basis for the claim where the illness was stated to be silicosis tuberculosis.

The attending physician's report, dated January 29, 1958, referred to by the board for the purpose of establishing the date of disability, states that '' exposure to dust '' might be a possible cause of the condition but dust to which the doctor referred — from a further examination of the report — is related to dust while working '' as grinder, burner, chipper, testing of steel (very dusty) ''.

From a reading of the record as a whole, there is a failure to establish by substantial evidence that the decedent was exposed to silica while in the employ of the appellant.

The decision should be reversed and the claim dismissed.

GIBSON, P. J. (dissenting). The finding of decedent's exposure to harmful dust upon appellant employer's premises is supported not only by the very definite conclusion expressed by the State expert and by the statutory presumptions as well, but by the medical history, including decedent's statement that the prior employment involved "no dust" and that the environment of his employment for 30 years with appellant employer was "very dusty". Corroborative, and of independent probative effect as well, are the numerous medical studies and reports made in decedent's lifetime and the findings made upon autopsy. The board's decision, thus supported, was purely factual and we are without authority to disturb it.

REYNOLDS and TAYLOR, JJ., concur with HERLIHY, J.; GIBSON, P. J., dissents in a memorandum in which AULISI, J., concurs.

Decision reversed and claim dismissed, with costs to appellant against the Workmen's Compensation Board.